[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2011
JOHN LEY
CLERK

Nos. 10-14091
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20146-UU-2

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TYREL LEVARITY,

                                        Defendant-Appellant.

_____

No. 10-14093
Non-Argument Calendar
_____

D. C. Docket No. 1:10-cr-20146-UU-3

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

AHMAD TOUSSAINT,

                                        Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(June 16, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Tyrel Levarity and Ahmad Toussaint each appeal their convictions and sentences, imposed following a joint jury trial, for conspiracy to encourage and induce aliens to the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I); bringing aliens into the United States and failing to present the aliens to immigration officials at a designated port of entry in violation of 8 U.S.C. § 1324(a)(2)(B)(iii); and aiding and assisting certain inadmissible aliens to enter in violation of 8 U.S.C. § 1327.[1]  Levarity was sentenced to 210 months' imprisonment, and Toussaint was sentenced to 168 months.  Between them, they raise four issues on appeal challenging their convictions and sentences.

## I.  Sufficiency of the Evidence

_____

[1]  Levarity was also convicted of the additional charge of reentry after deportation in violation of 8 U.S.C. § 1326(a).

Toussaint argues that the district court erred in denying his Rule 29 motion for a judgment of acquittal because there was insufficient evidence presented at trial to support a finding that he had participated in the smuggling conspiracy and the underlying related crimes, as opposed to just being a mere passenger on the boat. Specifically, Toussaint argues that the only evidence against him was the bare testimony of Devon Rolle, a co-conspirator who testified on behalf of the government at trial.[2]

We find that a reasonable fact-finder could have determined that the evidence proved Toussaint's guilt beyond a reasonable doubt. As an initial matter, the testimony of an accomplice, if accepted by the jury, can constitute, without more, sufficient evidence to support a conviction. United States v. LeQuire, 943 F.2d 1554, 1562 (11th Cir. 1991). Here, the jury was free to credit Rolle's testimony that he conspired with Toussaint and Levarity to smuggle four aliens into the United States. Moreover, the government presented evidence to corroborate Rolle's testimony that Toussaint was a participant in the conspiracy and not merely a passenger on the boat, including that (1) Toussaint, like Levarity

---

[2] We review *de novo* a denial of a judgment of acquittal for sufficiency of the evidence. United States v. Gari, 572 F.3d 1352, 1359 (11th Cir. 2009). "We view the evidence in the light most favorable to the Government and draw all reasonable factual inferences in favor of the jury's verdict. Our inquiry is whether a reasonable fact-finder could have determined that the evidence proved Defendant's guilt beyond a reasonable doubt." Id. (citation omitted).

and Rolle and unlike the aliens on the boat, had no identity documents or possessions with him, indicating that he would not remain in the United States; (2) Toussaint sat at the front of the boat with Levarity and Rolle to act as a look-out and was not laying on the floor with the aliens being smuggled; (3) Toussaint was a life-long friend of co-conspirator Rolle and fellow Bahamian; (4) Toussaint had a valid visa and could have entered the United States legally, which he had done a number of times before. On this record, we find no reversible error in the district court's denial of Toussaint's Rule 29 motion for a judgment of acquittal.

## II. Evidentiary Rulings

Both Toussaint and Levarity argue that they were deprived of a fair trial because of erroneous evidentiary rulings by the district court. We address each defendant's argument in turn.

A.      <u>Reference to the death of one of the aliens on the boat</u>

Toussaint argues that the court erred in admitting evidence that one of the aliens on the boat, Michael Lynch, drowned.[3] Toussaint argues that this evidence was irrelevant to the case against him and highly prejudicial.

---

[3] We review challenges to the admissibility of evidence for abuse of discretion. <u>Gari</u>, 572 F.3d at 1361 (11th Cir. 2009).

4

At the joint trial, Toussaint's codefendant, Levarity, asserted as a defense that Lynch had piloted the boat and that all others on board, including Levarity and Toussaint, were merely passengers. The evidence of Lynch's death, combined with Rolle's testimony that the three co-conspirators had agreed to blame Lynch because "a dead man can't talk," was relevant as a rebuttal against Levarity's defense. Moreover, as to prejudice, the record reflects that the government presented the fact of Lynch's death in minimal detail, merely introducing the fact that Lynch had drowned and that the defendants were aware of this fact at the time of their arrests. The government included no additional details that would likely inflame the jury. Accordingly, we find that the district court did not abuse its discretion in admitting this evidence.

B.     Cross-examination of co-conspirator Rolle

Levarity argues that the district court erred in refusing to admit into evidence the contents of the "factual proffer" that was executed and adopted by Rolle pursuant to his guilty plea allocution. Levarity argues that the proffer was necessary to impeach Rolle's testimony, and it was not hearsay because it was a prior statement that was inconsistent with Rolle's testimony at trial. See

Fed.R.Evid. 801(c) and (d)(1)(A). He further asserts that the exclusion of this evidence violated his Sixth Amendment confrontation rights.[4]

We find that the district court did not abuse its discretion in excluding the proffer as hearsay because it was not inconsistent with Rolle's testimony at trial. Levarity argues that the description in the proffer of Lynch's death was inconsistent with Rolle's trial testimony on that subject. However, Rolle never testified at trial about the circumstances surrounding Lynch's death and, thus, there was no inconsistency. Levarity also argues that the factual proffer was relevant to the question of who was driving the boat, because Rolle stated upon his arrest that Lynch was the driver, but later testified in the factual proffer and at trial that Levarity drove the boat. While Rolle's earlier statement that Lynch drove the boat may have been inconsistent with later statements, the factual proffer was consistent with Rolle's testimony at trial on this issue, and thus could not be used for impeachment.

Because the proffer was not a prior inconsistent statement, the district court's refusal to admit the proffer was not an abuse of discretion, nor did it

---

[4] "We review a district court's hearsay ruling for abuse of discretion." United States v. Brown, 441 F.3d 1330, 1359 (11th Cir. 2006). We review *de novo* a Sixth Amendment violation claim. Gari, 572 F.3d at 1361.

violate Levarity's Sixth Amendment confrontation rights.  See Fed.R.Evid. 801(c) and (d)(1)(A);  Gari, 572 F.3d at 1361.

### III.  Sentencing

Finally, Levarity and Toussaint argue that the district court erred in applying a ten-level enhancement under U.S.S.G. § 2L1.1(b)(7)(D) to their sentences based on the death of Lynch.[5]

The provision of the Sentencing Guidelines applicable to smuggling operations instructs:  "[i]f any person died or sustained bodily injury, increase the offense level according to the seriousness of the injury: ... (D) [If] [d]eath add 10 levels."  U.S.S.G. § 2L1.1(b)(7).  This Court has held that "to apply the § 2L1.1(b)(7) enhancement it must be reasonably foreseeable to a defendant that his actions or the actions of any other member of the smuggling operation could create the sort of dangerous circumstances that would be likely to result in serious injury or death."  United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010).

The record reflects that Toussaint, Levarity and Rolle, who were crewing the boat, attempted to evade law enforcement and land their passengers even after

---

[5] We review *de novo* the court's legal interpretations of the Sentencing Guidelines, and accept its factual determinations unless they are clearly erroneous.  United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010).  We review *de novo* the application of the Sentencing Guidelines to the facts.  Id.

they knew they had been detected by a Customs and Border Patrol aircraft. Once detected, the crew members increased the speed of the boat, nearly colliding with another boat, and slammed headlong into the pier at the nearest point of disembarkation. The crew then directed its passengers to jump off the boat and run. Lynch drowned while fleeing from the police after the boat reached land. On this record, where the defendants attempted to evade law enforcement and told their passengers to get off the boat and run from the police, it was reasonable foreseeable that the operation would result in serious injury or death. See Zaldivar, 615 F.3d at 1350 (affirming application of the enhancement where a passenger was injured when the defendants attempted to evade detection by the Coast Guard by fleeing in an overcrowded boat at a high rate of speed in the middle of the night). Accordingly, the district court did not err in applying a ten-level enhancement under U.S.S.G. § 2L1.1(b)(7)(D) to the defendants' sentences.

For the foregoing reasons, the defendants' convictions and sentences are **AFFIRMED**.